IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAURIO M. BUTLER, 1293977,<br>       Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>       Respondent. | No. 3:09-CV-699-D |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On November 22, 2004, Petitioner pled guilty to unlawful possession of a firearm by a felon and was sentenced to ten years confinement. *State of Texas v. Maurio M. Butler*, F-0357981-JH (1st Crim. Dist. Ct., Dallas County, Tex., Nov. 22, 2004). On December 20, 2005, Petitioner's conviction and sentence were affirmed on direct appeal. *Butler v. State*, No. 05-04-1811-CR (Tex. App. – Dallas, pet. ref'd). On June 21, 2006, the Court of Criminal Appeals

denied the petition for discretionary review ("PDR"). *Butler v. State*, PDR No. 0119-06. On September 12, 2006, the Court of Criminal Appeals denied rehearing on the PDR. *Id.* Petitioner did not file a petition for certiorari with the United States Supreme Court.

On October 19, 2006, Petitioner filed a state habeas petition. *Ex parte Butler*, No. 66,498-01. On January 10, 2007, the Court of Criminal Appeals dismissed the petition because it was filed while the direct appeal was still pending. On February 27, 2008, Petitioner filed a second state habeas petition. *Ex parte Butler*, No. 66,498-05. On September 10, 2008, the Court of Criminal Appeals denied the petition without written order.

On April 13, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) he was subject to an unreasonable search and seizure;

(2) he received ineffective assistance of counsel;

(3) the trial court erred in not excluding certain evidence;

(4) his guilty plea was involuntary because his counsel led him to believe he would be sentenced to probation;

(5) his appellate rights were denied when the appellate court's decision did not address every issue raised.

On September 22, 2009, Respondent filed a motion to dismiss arguing that the petition is barred by limitations. On October 29, 2009, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A.   Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral

---

[1] The statute provides that the limitations period shall run from the latest of--

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on December 20, 2005. On September 12, 2006, the Texas Court of Criminal Appeals denied the motion for rehearing of Petitioner's PDR. The conviction became final ninety days later, on December 11, 2006. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 11, 2007, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). On October 19, 2006, Petitioner filed a state habeas petition. The Court of Criminal Appeals dismissed this petition because it was filed before mandate issued on his direct appeal. The petition was therefore not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2 which required the petition to be submitted on the correct form). Since Petitioner's first state habeas application was not properly filed, it did not statutorily toll the limitations period.

On February 27, 2008, Petitioner filed a second state habeas petition. This petition, however, was filed after the one-year federal limitations period expired. It therefore did not toll

the limitations period. Petitioner's § 2254 petition was due by December 11, 2007. He did not file his petition until April 13, 2009. His petition is therefore untimely.

Petitioner, however, argues the statute of limitations does not apply to § 2254 petitions and that his incarceration is a continuing violation of his rights and therefore no limitations period has expired. These claims are frivolous under 28 U.S.C. § 2244(d)(1) (stating "A 1-year period of limitations shall apply to an application for a [§2254] writ of habeas corpus . . . " and stating when the limitations period commences).

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because the state court did not timely enter mandate on his direct appeal. He claims that if the court had timely entered mandate, his appeal would not have been pending when he filed his first state habeas petition, and the habeas petition would not have been dismissed.

Mandate on Petitioner's direct appeal issued on November 3, 2006. After Petitioner's first habeas petition was dismissed on January 10, 2007, he did not file his second state petition until a year later, on February 27, 2008. He has not shown that he was prevented from filing his second state habeas directly after mandate issued on his direct appeal. He has stated no reason for waiting approximately a year before filing his second habeas petition. He has therefore not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 13th day of August, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).